Leonides Contreras RIVERA; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–71832.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 7, 2008.*

Filed Jan. 10, 2008.

Leonides Contreras Rivera, Marcela Contreras, Santa Ana, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Benjamin J. Zeitlin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, SILVERMAN and GRABER, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motions to reopen and

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

reconsider the BIA's September 6, 2005 decision.

Respondent's motion to dismiss is also construed as a motion for summary disposition in part. So construed, the motion is granted.

The regulations provide that a motion to reopen must be filed with the BIA within ninety days after the mailing of the BIA's decision. *See* 8 C.F.R. § 1003.2(c)(2). Here, petitioners' motion to reopen was filed almost a year and a half after the mailing of the BIA's decision.

The regulations provide that a motion to reconsider must be filed with the BIA within thirty days after the mailing of the BIA decision and that a party may file only one motion to reconsider any given decision. *See* 8 C.F.R. § 1003.2(b)(2). Here, petitioners' motion to reconsider was filed almost a year and a half after the mailing of the BIA's decision and it was petitioners' second motion to reconsider filed with the BIA.

Therefore, the BIA did not abuse its discretion when it denied petitioners' motions to reopen and reconsider. *See Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005) (holding that BIA denials of motions to reopen or reconsider are reviewed for abuse of discretion).

It should also be noted that petitioners are barred from cancellation of removal relief as they failed to depart pursuant to the grant of voluntary departure. *See Azarte v. Ashcroft*, 394 F.3d 1278 (9th Cir.2005).

Accordingly, this petition for review is denied because the questions raised by this petition for review are so insubstantial as not to require further argument. *See*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

To the extent that petitioners seek review of the BIA's denial of their request to *sua sponte* reopen proceedings, this court lacks jurisdiction over this petition for review. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**